# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE SUTER and MICHAEL SUTER Wife and Husband, | : : | |
| Plaintiffs | : : | No. 1:19-cv-01222 |
| v. | : : | (Judge Kane) |
| SPEEDWAY LLC and SANDRA F. MACFALINE aka SANDY MACFALINE aka SANDRA R. MACFALINE aka SANDRA F. MACFALINE aka SANDI MACFALINE aka S. MACFALINE aka SANDRA MACFALIHNE aka SANDRA R. MACFARLINE aka SANDRA MACJOLINE aka SANDRA EVANS aka SANDI EVANS aka SANDRA F. EVANS aka SANDY EVANS aka SANDRA SHETA aka SANDRA F. SHETA, Defendants | : : : : : : : : : : : : | |

## **MEMORANDUM**

Presently before the Court is Plaintiffs Jane Suter and Michael Suter's motion to remand the above-captioned action to the Dauphin County Court of Common Pleas on the basis that Defendants' removal to this Court pursuant to 28 U.S.C. § 1441(b) was improper. (Doc. No. 5.) For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND[1]

On July 17, 2017, Plaintiff Jane Suter entered a store owned and operated by Defendant Speedway LLC ("Speedway"). (Doc. No. 1-2 ¶ 6.) During the course of purchasing groceries, Plaintiff Jane Suter fell over an inventory bin that was partially hidden behind a display rack,

---

[1] Unless otherwise stated, all factual allegations are taken from Plaintiffs' complaint. (Doc. No. 1-2.)

landing on her right elbow when she fell.  (Id. ¶¶ 7-10.)  Plaintiff Jane Suter suffered serious injuries as a result of the fall.  (Id. ¶ 13.)

Plaintiff Jane Suter subsequently initiated this action along with Plaintiff Michael Suter by filing a complaint with the Dauphin County Court of Common Pleas on May 28, 2019.  (Doc. No. 1-2.)  The complaint alleges claims for premises liability against Speedway and Defendant Sandra Macfaline ("Ms. Macfaline"), a manager at the Speedway store in question, in addition to a claim for loss of consortium on behalf of Plaintiff Michael Suter.  (Id.)  Both Plaintiffs, as well as Ms. Macfaline, are residents of Pennsylvania.  (Id. ¶¶ 1, 3.)  Nonetheless, Defendants filed a notice of removal with this Court on July 17, 2019, pursuant to 28 U.S.C. §§ 1441(b) and 1446, asserting that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  (Doc. No. 1 ¶¶ 12-14.)  Defendants maintain that diversity jurisdiction exists because Speedway is a Delaware Limited Liability Company with its principal place of business in Ohio.  (Id. ¶ 28.)  With regard to the amount in controversy, Defendants note that Plaintiffs demanded $650,000 to settle the matter.  (Id. ¶¶ 19, 24.)  Additionally, while Defendants acknowledge that Ms. Macfaline is a citizen of the Commonwealth of Pennsylvania, they argue that Plaintiffs fraudulently joined Ms. Macfaline as a defendant in this case for the sole purpose of defeating diversity jurisdiction, and that, therefore, subject matter jurisdiction is appropriate in this Court.  (Id. ¶¶ 25-41.)  Plaintiffs timely filed a motion to remand the case to the Dauphin County Court of Common Pleas on August 5, 2019, pursuant to 28 U.S.C. § 1447 (Doc. No. 5), as well as a brief in support (Doc. No. 6).  Defendants filed a brief in opposition on August 19, 2019.  (Doc. No. 8.)  Having been fully briefed, the motion is now ripe for disposition.

## II. LEGAL STANDARD

Removal by a defendant is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." See 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c). Moreover, §1441 is to be strictly construed against removal. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Accordingly, all doubts must be resolved in favor of remand. Id.

When removal is based on diversity of citizenship, the removing party must be able to demonstrate complete diversity of citizenship between parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. To establish complete diversity, "no plaintiff can be a citizen of the same state as any of the defendants." See Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). However, "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." See In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006).

## III. DISCUSSION

As noted above, Defendants removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 ¶ 14.) Defendants assert that removal is appropriate because Ms. Macfaline, the only non-diverse defendant, was fraudulently joined. (Id. ¶ 25.) Plaintiffs' Motion to Remand disputes the assertion that Ms. Macfaline was fraudulently joined. (Doc. No. 5.) Importantly, "the person asserting jurisdiction bears the

burden of showing that the case is properly before the court at all stages of the litigation." See Packard v. Provident Nat. Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). Where the removing party asserts fraudulent joinder, the party carries a "heavy burden of persuasion." See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

Joinder is fraudulent where there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant." See id. (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). In assessing the validity of the complaint against the non-diverse defendant, the Court's analysis is not the same as that which would inform a ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. at 852. To the contrary, Third Circuit precedent clearly establishes that when making a jurisdictional determination it is inappropriate for the Court to inquire further into the legal merits of a claim than is necessary to discern whether enough authority supports the existence of a cause of action under state law.[2] See Briscoe, 448 F.3d at 219 (citing Abels, 770 F.2d at 32-33). Indeed, the Third Circuit has made clear that the fact that a case may later be dismissed by a state court does not make a claim frivolous for jurisdictional purposes. See Batoff, 977 F.2d at 853 (stating that "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.").

---

[2] Defendants note that the Third Circuit has acknowledged that district courts may conduct "a limited consideration of reliable evidence that the defendant may proffer to support the removal." (Doc. No. 1 ¶ 26) (citing Briscoe, 448 F.3d at 220). However, Briscoe involved a statute of limitations defense, which the Third Circuit has noted "is not a merits-based defense to the plaintiff's case." See Briscoe, 448 F.3d at 220. Therefore, the Court declines to consider any merits-based arguments proffered by Defendants that would be more appropriately considered if the Court were analyzing claims in connection with a motion to dismiss.

4

Defendants argue that Plaintiffs have not pled colorable claims against Ms. Macfaline under either an individual negligence theory of liability or a participation theory. (Doc. No. 1 ¶¶ 37-41.) In support of this argument, Defendants point to the fact that Plaintiffs incorporate by reference allegations from Count I of the complaint against Speedway into Count II of the complaint against Ms. Macfaline. (Id. ¶ 38.) Defendants claim that Plaintiffs' complaint "lacks any specific allegations that Sandra Macfaline…caused or contributed to plaintiff's damages." (Id. ¶ 39.) However, the Court's review of the complaint reveals that it contains allegations against Ms. Macfaline. (Doc. No. 1-2.)[3]

Pennsylvania law clearly allows plaintiffs to assert claims against employees for their own torts. See Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 89 (Pa. Super. Ct. 1995). Additionally, corporate actors can incur liability under the participation theory, in which officers who participate in the wrongful acts of a corporation may be personally liable for misfeasance. See Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 90 (Pa. 1983); see also Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC, 344 F. Supp. 3d 814, 822 (E.D. Pa. 2018) (stating that "state and federal courts in Pennsylvania courts have routinely applied the [participation] theory to employees and other non-officer agents" (internal citations omitted)). Further, the facts and allegations in the present case are directly analogous to many cases from both this Court and other federal courts in Pennsylvania where the fraudulent joinder argument failed to prevent remand. See Gardler v. Wal-Mart Stores, Inc., No. 18-4689, 2019 WL 2489691, at *6 (E.D. Pa.

---

[3] For example, the complaint states that: "Defendant Speedway's employees, under the supervision and control of manager Defendant Sandra Macfaline were responsible for keeping the floor safe and free from obstruction" (Doc. 1-2 ¶ 5); "Defendants Speedway and Macfaline created the display rack" (Id. ¶ 11); "Defendants Speedway and Macfaline created the hazardous and dangerous condition when they left a bin on the floor" (Id. ¶ 12); and "Defendants Speedway and Macfaline failed to exercise reasonable care when they: (a) left an unattended and partially hidden bin below a display rack intended to distract visitors attention" (Id. ¶ 25).

5

June 12, 2019) (finding remand appropriate where the complaint alleged that a store manager "caus[ed] and/or permit[ted] a dangerous and hazardous condition to exist"); Waas v. Cargill Meat Sols. Corp., No. 3:17-CV-838, 2018 WL 521588, at *3 (M.D. Pa. Jan. 23, 2018) (granting a motion to remand where the plaintiff asserted a negligence claim against a non-diverse supervisor even though the claim was generally alleged against all defendants); Gaynor v. Marriott Hotel Servs., Inc., No. 13-3607, 2013 WL 4079652, at *4 (E.D. Pa. Aug. 13, 2013) (holding that for purposes of a jurisdictional inquiry, a plaintiff adequately alleged a manager's participation where the complaint averred that the manager "creat[ed] an unreasonably dangerous condition on the premises"); Greenberg v. Macy's, No. 11-4132, 2011 WL 4336674, at *5 (E.D. Pa. Sept. 15, 2011) (holding that the allegation that all defendants, including individual managers, created the condition that caused the plaintiff's injury was sufficient to plead a colorable case); Beck v. Albertson's, Inc., No. 05-5064, 2005 WL 3111782, at *3 (E.D. Pa. Nov. 21, 2005) (holding that the plaintiff stated a colorable claim against a store manager even though the manager was not working at the time of the accident). Here, Plaintiffs' complaint alleges that Ms. Macfaline created the condition that caused Plaintiff Jane Suter's injury. (Doc. 1-2 ¶ 12.) Therefore, the Court cannot conclude that Plaintiffs' claims against Ms. Macfaline are "wholly insubstantial and frivolous" for purposes of a jurisdictional inquiry.

Defendants also argue that Plaintiffs did not join Ms. Macfaline in good faith. (Doc. No. 1 ¶ 40.) Defendants point to nothing to support this argument other than a belief that the drafting of Plaintiffs' complaint is deficient. (Id.) However, courts have found that service of process on a defendant is sufficient to demonstrate an intention to prosecute an action against that defendant. See Gaynor, 2013 WL 4079652, at *6. Therefore, the Court sees no basis to determine that Plaintiffs fraudulently joined Ms. Macfaline on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' motion to remand this case to the Dauphin County Court of Common Pleas. (Doc. No. 5). An Order consistent with this Memorandum follows.